[Civil No. 1777.   Filed November 13, 1919.]

[185 Pac. 131.]

T. BONE, Appellant, v. E. HACKETT, A. F. JONES, P. T. HURLEY, J. G. PETERSON and C. C. GREEN, as Members of and Constituting the Highway Commission of Maricopa County, State of Arizona, Appellees.

1. HIGHWAYS—CONTRACTS FOR MATERIALS MAY BE SEPARATE FROM CONTRACT FOR LABOR.—Under Laws of 1917, chapter 31, section 8, as amended by Laws of 1919, chapter 63, the highway commission of Maricopa county may, by advertising as provided, let contracts for furnishing crushed rock, sand, or cement separately from contract to grade and lay roadbed for construction of highway in county; the words "work," "all work," "such work," and "said work" having reference to the whole program of construction.

2. EVIDENCE—PRESUMPTION OF FAITHFUL ADMINISTRATION OF LAW BY HIGHWAY COMMISSION.—The supreme court must assume that the highway commission of Maricopa county will administer the law in good faith.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Mr. Richard E. Sloan, for Appellant.

Mr. L. M. Laney, County Attorney, for Appellees.

ROSS, J.—This is an injunction proceeding brought by appellant as a taxpayer and qualified elector against the highway commission for Maricopa county, asking that the commission be enjoined from advertising for certain bids and from letting certain contracts to furnish crushed rock, sand and cement to be used in the construction of highways in said county. The complaint sets forth a program of highway construction for said county theretofore adopted by the board of supervisors and approved by the electors of said county, in pursuance of the provisions, and amendments thereto, of chapter 31, Session Laws of Arizona, Regular Session 1917. It is shown that bonds of the county to the amount of $4,000,000 have been voted, issued, and sold for the purpose of building and improving highways of the county; that the character of the work to be done has been determined, and that plans, specifications and profiles have been prepared by the commission, or under its direction; and that the commission is advertising for bids for the furnishing of rock, sand and cement called for by the plans and specifications to go into the construction of highways, the said bids and contracts to be separate and apart from the work and labor needed in the construction or improvement of said highways.

The county attorney, in behalf of the commission, filed a demurrer to the complaint, and also answered, admitting the allegations of the complaint. The demurrer was sustained, and, the appellant electing to stand upon the complaint, judgment of dismissal was entered.

The appeal involves the construction to be placed upon section 8 of said chapter 31 as amended by chapter 63, Laws of 1919, the material part of which is as follows:

"All work for which said bonds are issued shall be done under the supervision and direction of the highway commission. As soon as the funds arising from the sale of said bonds are in the treasury, the commission shall determine the character of the work to be done and shall prepare plans,

specifications and profiles for the doing of such work, and thereupon shall advertise for bids for the doing of said work, or any part thereof in accordance with the plans, specifications and profiles, by publishing a notice calling for bids thereon for ten days in a daily newspaper or two weeks in a weekly newspaper published in such county. Every contract for the doing of any part of said work shall be let after advertisement as above provided to the lowest responsible bidder who will give security for the faithful performance of said contract with sureties to be approved by said commission in such amount as said commission shall determine; provided, however, that the said commission may make contracts for any part of said work, the cost of which does not exceed one thousand dollars, without calling for bids therefor as above provided, and provided further, that said commission may reject any and all bids received, and may thereupon readvertise for bids for doing any part or the whole of said work. . . . Said commission may employ a secretary and all necessary engineers, inspectors and superintendents to supervise the performance of such contracts or to have charge of the doing of said work, and shall fix their compensation.''

It is contended by appellant that separate bids for the material such as crushed rock, sand and cement cannot lawfully be advertised nor contracted, but that bids and contracts must be to complete the highway or some portion thereof—that is, that the offer must be, and the acceptance must be, for all or a fraction of the designated highway—the work to be done by the contractor to consist of the furnishing of all material as well as the actual physical placement thereof upon the ground. He would limit the power of the commission in letting a contract to one for the whole of a given highway or program of highways the contractor to do all the work and furnish all material, or to a portion of a highway or highways, the contractor to do all work and furnish all material for such portion.

It is the contention of appellees, highway commission, that the work of construction under the above statute is susceptible of a division, so that contracts may be let to different bidders on the same piece of highway, that is, the furnishing of sand, crushed rock and cement, or either of them, and the grading of highways and placing of material

may be separately advertised and contracted, so that several contractors may be employed in the construction or improvement of said highways, or a portion thereof, at the same time.

The words "work," "all work," "such work," and "said work" doubtless have reference to the whole program of construction or improvement. *Hanna* v. *South St. Joseph Land Co.*, 126 Mo. 1, 28 S. W. 652. This would include the grading of the roadbed, the furnishing of all material, and the laying it. Plans, specifications and profiles of the work are required to be prepared. These, of course, show in detail the character. location, grade, length and width of the highways, and the material to be used in the improvement or construction. As soon as funds are realized from bond issue, it is made the duty of the highway commission to "advertise for bids for the doing of said work, or *any part* thereof in accordance with such plans, specifications and profiles," and "every contract for the doing of *any part* of said work shall be let . . . to the lowest responsible bidder . . . provided . . . said commission may reject any and all bids received, and . . . readvertise for bids for doing *any part* or the whole of said work." This language, we think, is fairly susceptible of the construction contended for and placed upon it by appellees. A part of the work, where crushed rock is called for by the plans and specifications, would be the manufacturing and furnishing of crushed rock, and as much so as the placing it in the roadbed. The work on a given number of linear feet, yards or miles of construction or improvement would include the doing of everything called for by plans and specifications upon such linear measurements to make it a completed and finished unit of the program of construction and improvement, but this work, under the statute, may—in the discretion of the highway commission—be divided into its integral parts and advertised and contracted accordingly, that is they may, by advertising as provided, let contracts for furnishing crushed rock or sand or cement separately from the contract to grade and lay the roadbed, or they may let contracts for the whole work or completed parts thereof. The word "work" means the product of labor and material. *Trustees* v. *Andrew*, 115 Md. 541, 81 Atl. 1, 82 Atl. 452. The language of the statute does not say, nor purport to say, that contracts must be for completed segments of the program of construction or improvement.

On the contrary, it plainly implies—indeed states—that contracts may be let for any part of the work or the whole leaving it to the highway commission which it shall be, for the reason that it can investigate and ascertain which method will secure the best work for the least money. This latitude of discretion and action upon the part of the commission, we may assume, was purposely conferred in order to permit persons of small means to bid for and contract some part of the public work. This would not be possible if the work must be let as a whole or in large units, since only a very few could command the capital necessary to furnish the equipment and prosecute the enterprise or undertake the work.

The suggestion by appellant that the letting of separate contracts for integral parts of the work must result in doing the work by force account we do not consider as likely to happen. It is only where the work to be done does not exceed $1,000 that it may be let or contracted without advertising. Accepting his construction of the statute that the contract must be for the entire work or a completed piece of road, it would not defeat the work being done by force account, if the commission were disposed to disregard the clear intent of the law by cutting the work into segments costing $1,000 or less. We must assume that the commission will in all ways administer the laws in good faith and in conformity with its spirit, with a view of securing the very best road construction for the least money.

The judgment is affirmed

CUNNINGHAM, C. J., and BAKER, J., concur.